USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 9/11/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OJIH OJI,

Plaintiff,

- against -

THE YONKERS POLICE DEPARTMENT (THE YPD),

Defendant.

**OPINION AND ORDER**

12 Civ. 8125 (ER)

Ramos, D.J.:

Plaintiff Charles Ojih Oji ("Plaintiff") moves, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for reconsideration of this Court's May 24, 2013 Order dismissing Plaintiff's Amended Complaint, Doc. 10 (the "May 24, 2013 Order").[1] The motion, Doc. 13, is DENIED.

**I. Legal Standard**

Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules for this District provide for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500, 501 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Fed R. Civ. P. 60(b); Local R. 6.3. The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F .2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

[1] The facts and procedural history of this case are discussed in the May 24, 2013 Order, familiarity with which is presumed.





"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. at 418 (internal quotation marks and citation omitted); *see also, e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012).

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under

the strict standard applied by courts in this Circuit, "reconsideration will generally be denied." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d at 614.

**II. Plaintiff's Motion**

Plaintiff asserts that the Court should reconsider his complaint, which was dismissed by the May 24, 2013 Order, because Plaintiff "[is] Jesus Christ and the only Judge," "[his] complaints are not frivolous or malicious," and the Yonkers Police Department "discriminated against [him] a lot." Oji Aff. Supp. Mot. Reconsideration ¶ 2.

Plaintiff's motion is completely without merit. Plaintiff has neither provided any newly discovered evidence nor suggested that there has been any change in controlling law since the Court issued the May 24, 2013 Order. The only "new fact" cited by Plaintiff—his proclamation that he is Jesus Christ—fails to offer any basis for reconsideration of the May 24, 2013 Order, and in any event, does not provide an excuse for his failure to cure the defects in the Amended Complaint that resulted in its dismissal.

**III. Conclusion**

For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion (Doc. 13).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 11, 2013
New York, New York

Edgardo Ramos, U.S.D.J.